IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAYNETTA GREENLEAF, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-02294 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| CHICAGO BOARD OF ELECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Raynetta Greenleaf brings this action against defendants Chicago Board of Elections ("the Board") and Alderman David Moore for constitutional deprivations related to a 2019 aldermanic election. *See* 42 U.S.C. § 1983. She also brings a state law claim of fraud against Moore. This matter is before the Court on Moore's and the Board's motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Court grants defendants' motions.

**Background**

Construing her pro se amended complaint liberally, *see Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020), Greenleaf ran as a candidate against Moore for 17th Ward alderman in Chicago's 2019 municipal election. During that time, Moore was a committeeman "in his official capacity and under statutory authority of the State of Illinois." Greenleaf challenged Moore for the position and was defeated in the election. Greenleaf makes numerous allegations of campaign and voting irregularities and misconduct by Moore and the Board. Greenleaf's complains are as follows: that Moore removed her campaign signs; that on election day, and every previous election Moore was involved in, the voting machines were not working; the Board should have known about the malfunctioning machines; that election judges selected by Moore inappropriately

"added voters names to the [canvas] sheet" while Moore turned a "blind eye" to the election judges' conduct; Moore conspired with the Board to shut down the voting machines; and that her "due process rights were violated by [Moore] directly from his action of Harassment and Intimidation." Also, Greenleaf claims that defendants conspired to deny her a fair election and equal protection under the law.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Viewing her pro se pleadings generously, Greenleaf brings claims against Moore based on various constitutional deprivations pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, Greenleaf must allege facts sufficient to show that Moore was acting under the color of state law when he allegedly violated her constitutional rights. *Barnes v. City of Centralia, Ill.,* 943 F.3d 826, 831 (7th Cir. 2019). "Not every action by a state official or employee is to be deemed as occurring 'under color' of state law." *Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010) (citation omitted). Indeed, an official's "conduct does not constitute acting under color of state law unless it is 'related

in some way to the performance of the duties of the state office.'" *Id.* (citation omitted). In other words, the under-color-of-state-law element means that § 1983 does not permit suits based on private conduct," even if a private citizen is also a public official. *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019); *Barnes*, 943 F.3d at 831 (citation omitted).

According to Greenleaf, Moore removed her campaign signs, added votes to a canvas sheet, and has a pattern and practice of having broken voting machines during his elections for alderman. This conduct is not related to Moore's duties as an alderman, but speaks to conduct that is unlawful. Greenleaf's conclusory statements that Moore's alleged misconduct amounts to wire fraud, 18 U.S.C. § 1343, and honest services fraud, 18 U.S.C. § 1346 have no basis. It is well-established, however, that only the United States government may prosecute a federal criminal statute, and a private citizen, such as Greenleaf, cannot force the government to prosecute because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986). Because Moore was not acting under the "color of state law" in his duties as alderman, Greenleaf's constitutional claims against him fail.

Moreover, from Greenleaf's allegations, it is apparent that she is challenging the 2019 election results by questioning the vote tally and alleging that Moore added voter names to the canvas sheet. The proper vehicle to challenge aldermanic election results is set forth in 65 ILCS 20/21-27, which states:

> Any candidate whose name appears on the ballots used in any ward of the city at any election for alderman, may contest the election of the candidate who appears to be elected from such ward on the face of the returns, or may contest the right of the candidates who appear to have received the highest and second highest number of votes to places on the official ballot at any supplementary election, by filing within 5 days after such election with the Clerk of the Circuit Court of Cook County.

Greenleaf did not challenge the election results in the Circuit Court of Cook County, and this Court does not have jurisdiction to consider any such challenge to the 2019 election. *See, e.g., Evans v.*

*Preckwinkle*, 636 N.E.2d 730, 731, 201 Ill.Dec. 298, 299, 259 Ill.App.3d 187, 188 (1st Dist. 1994). In addition, because Illinois provides a state law remedy for contesting election results, Greenleaf's due process claim necessarily fails. *See GEFT Outdoors, LLC v. City of Westfield,* 922 F.3d 357, 367 (7th Cir. 2019) ("When a plaintiff alleges a deprivation based on conduct that is 'random and unauthorized, the state satisfies procedural due process requirements so long as it provides a meaningful post-deprivation remedy.'") (citation omitted).

Greenleaf's conclusory allegations that the Board and Moore conspired to deprive her of her equal protection rights fare no better. To establish a civil rights conspiracy, Greenleaf must show: "(1) the existence of a conspiracy; (2) a purpose of depriving a person or class of persons of [the] equal protection of the laws; (3) an act in furtherance of a conspiracy; and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *McCurry v. Kenco Logistics Servs., LLC,* 942 F.3d 783, 790 (7th Cir. 2019) (citation omitted). "To satisfy the second element, the complaint must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Kowalski v. Boliker,* 893 F.3d 987, 1001 (7th Cir. 2018) (citation omitted).

Here, Greenleaf fails to make any allegations that defendants deprived her of the equal protection of the laws. Specifically, she does not assert that they targeted her because of her membership in a protected class, such as her race. Instead, Greenleaf's allegations concern voting machine irregularities and alleged unlawful misconduct. In addition, "a plaintiff cannot bring a § 1983 claim for conspiracy to deny a civil right unless the plaintiff states an underlying claim for denial of a right." *Campos v. Cook Cty.,* 932 F.3d 972, 975 (7th Cir. 2019). Accordingly, Greenleaf's claims against the Board are without merit.

Because the Court is granting defendants' motions to dismiss Greenleaf's constitutional claims over which the Court has original subject matter jurisdiction, the Court, in its discretion,

declines to exercise its supplemental jurisdiction over Greenleaf's state law fraud claim under 28 U.S.C. § 1367(c)(3). *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018) ("there is a general presumption that the court will relinquish supplemental jurisdiction and dismiss the state-law claims without prejudice.").

**Conclusion**

Based on the foregoing, the Court grants defendants' Rule 12(b)(6) motions to dismiss with prejudice [65, 66]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 10/5/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge